UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re:                                              :
ROYAL DUTCH/SHELL TRANSPORT           :
SECURITIES LITIGATION                     :   Case No.1:06-mc-00248 (Kollar-Kotelly, J.)
                                                    :

**MOTION OF SECURITIES AND EXCHANGE COMMISSION FOR STAY
OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME**

The Securities and Exchange Commission ("SEC") respectfully requests that this Court stay its consideration of defendant Philip Watts' motion to compel compliance with a Rule 30(b)(6) subpoena to the SEC pending resolution of his petition for review currently under consideration by the SEC's Chairman and Commissioners. Watts filed his petition with the SEC on May 11, 2006. Therein, he makes the same arguments he advances in the motion to compel he filed with this Court. Watts also seeks the same relief from the SEC as he does from this Court. Thus, resolution by the SEC of Watts' petition for review may moot in whole or in part his motion to compel filed with this Court.

**STATEMENT OF POINTS AND AUTHORITIES**

Watts has served five subpoenas upon the SEC and its staff seeking depositions and documents regarding the creation, history, and application of an SEC rule (Rule 4-10 of Regulation S-X, 17 C.F.R. 210.4-10) ("Rule 4-10") since its creation almost thirty years ago. The subpoenas also seek information regarding the creation, history, and application of Statement of Financial Accounting Standards No. 69 ("SFAS 69") and of staff guidance regarding Rule 4-10 and SFAS 69 posted on the SEC website. One subpoena seeks documents from the SEC, one seeks a Rule 30(b)(6) deposition from the SEC, and three seek documents and depositions from specific SEC staff members. The document requests to the individuals and to

the SEC are identical. Also, correspondence between the SEC and Watts' counsel make clear that Watts expects that the individuals who received the subpoenas would be the same persons designated to testify under the Rule 30(b)(6) subpoena and that the scope of all depositions would be the same. Watts' motion to compel concerns only the Rule 30(b)(6) deposition subpoena to the SEC.

On April 27, 2006, after counsel for Watts and staff in the SEC's Office of the General Counsel had exchanged correspondence regarding, among other things, the scope of the requested depositions and their relevance to the litigation, Richard Humes, Associate General Counsel, acting pursuant to delegated authority, applied the SEC's *Touhy* regulations (17 C.F.R. 200.735-3(b)(7)(ii) and (iii)) and informed Watts' counsel that he would not authorize testimony pursuant to any of the subpoenas. Among other things, Mr. Humes' decision noted that, while Watts seeks to question the SEC staff about communications they have had with third parties, the staff has provided to Watts all documents it could locate containing any such communications, and staff do not remember any communications other than those contained in the produced documents. Thus, depositions are unnecessary to determine the content of communications with third parties. Also, any testimony explaining the staff deliberations that preceded the communications would be protected by the deliberative process privilege.

On May 11, 2006, Watts appealed Mr. Humes' decision to the SEC's Chairman and Commissioners pursuant to 17 C.F.R. 201.430. Watts' appellate petition addresses the subpoenas to the individuals and the Rule 30(b)(6) subpoena together and continues to indicate that he seeks the same information from all the subpoenas. Watts' petition also makes the same arguments and seeks the same relief with respect to his Rule 30(b)(6) subpoena as he does in his

motion to compel filed with this Court. *See* Exhibit A (Watts' memorandum to the SEC).

Since Watts is simultaneously seeking the same relief on the same grounds in two forum, the SEC respectfully requests that this Court stay its consideration of Watts' motion to compel until resolution of Watts' petition for review pending before the SEC's Chairman and Commissioners.

In the alternative, the SEC requests an extension of time until at least June 16, 2006 to file an opposition to Watts' motion to compel. Staff responsible for the motion did not receive it until Tuesday May 30, 2006 1/ and the supporting memorandum of law is 31 pages long with 23 pages of legal argument. Fourteen business days is a reasonable time for responding to the motion. Watts has never informed the Commission of any discovery cut-off or other deadlines that would cause harm if such an extension is granted.

SEC counsel has conferred with Watts' counsel regarding this motion. Watts' counsel will oppose the stay sought by the SEC, but will agree to the extension of time the SEC has requested in the event the Court denies its stay motion.

---

1/ The brief was served on the SEC at 4:50 p.m. on Friday, May 26, 2006 (the Friday before the Memorial Day weekend). Although SEC counsel was in her office at that time, it was not delivered to her until mid-day on Tuesday May 30. Moreover, no one notified SEC counsel that it had been delivered before Tuesday, May 30.

3

## **CONCLUSION**

For the foregoing reasons, the SEC respectfully requests that this Court stay its consideration of Watts' motion to compel compliance with a Rule 30(b)(6) subpoena to the SEC pending resolution of his petition for review currently under consideration by the SEC's Chairman and Commissioners. In the alternative, if the Court declines to grant the stay, the SEC requests an extension of time until June 16, 2006 to oppose Watts' motion to compel.

Respectfully submitted,

*Kathleen Cody*
MELINDA HARDY (D.C. Bar #431906)
Assistant General Counsel

KATHLEEN CODY (D.C. Bar # 412517)
Senior Counsel
Counsel for SEC
100 F Street, N.E.
Washington, D.C. 20549-9612
Tel: 202-551-5126
Fax: 202-772-9263

4

## CERTIFICATE OF SERVICE

The undersigned certifies that, on June 5, 2006, I caused this electronically-filed motion for stay or, in the alternative, for an extension of time, proposed order, and certificate of service to be served on counsel for Philip Watts at the address below via federal express:

> Joseph I. Goldstein, Esq.
> Mayer, Brown, Rowe & Maw LLP
> 1909 K Street, N.W.
> Washington, D.C. 20006-1101

*Kathleen Cody*
Kathleen Cody
Counsel for SEC

Dated: June 5, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re: :
ROYAL DUTCH/SHELL TRANSPORT :
SECURITIES LITIGATION : Case No.1:06-mc-00248 (Kollar-Kotelly, J.)
:
:

## PROPOSED ORDER

Upon consideration of the Securities and Exchange Commission's ("SEC") motion for stay or, in the alternative, for an extension of time, any opposition thereto, and the entire record herein,

IT IS HEREBY ORDERED that the SEC's motion for a stay is granted. The Court's consideration of Watts' motion to compel and the SEC's filing of its opposition thereto will be stayed until Watts' petition for review pending before the SEC is decided. SEC counsel will advise this Court and Watts' counsel immediately when the SEC issues its decision.

_____
Judge Colleen Kollar-Kotelly
United States District Judge

Dated: _____
       Washington, D.C.