### Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF  COLUMBIA

In re Royal Dutch/Shell Transport Securities Litigation

V.

**SUBPOENA IN A CIVIL CASE**

Case Number: [1] 04-374 (JAP)
United States District Court for the
District of New Jersey

RECEIVED
FEB 0 8 2006
OFFICE OF THE SECRETARY

TO: Ronald Winfrey
United States Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549

☐    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.

| PLACE OF DEPOSITION  Mayer Brown Rowe & Maw | DATE AND TIME |
|---|---|
| 1909 K Street NW Washington, DC 20006 | 04/07/2006 10:00 am |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE   Mayer Brown Rowe & Maw | DATE AND TIME |
|---|---|
| 1909 K Street NW Washington, DC 20006 | 02/22/2006 |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant Sir Philip Watts | Feb 7, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joesph I. Goldstein, Esq.    Mayer Brown Rowe & Maw LLP    (202)263-3344
                            1909 K Street, NW
                            Washington, DC 20006

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

## ATTACHMENT A

**A.    Definitions**

1.    "Communication(s)" shall refer to any conversation(s), meeting(s), correspondence, electronic mail ("email"), facsimile(s), telephone call(s), and any other form of oral or written communication by which information may be conveyed.

2.    "Concerning" means relating to, referring to, discussing, evidencing, reflecting, pertaining to, describing, constituting, in connection with, or commenting on, in whole or in part. A document that "concerns" a subject need not discuss that subject exclusively; it is enough that the document mentions that subject.

3.    "Documents" are defined to have the same meaning and be equal in scope to the usage of the term in Rule 34(a) of the Federal Rule of Civil Procedure, as well as "writings" as defined by Rule 1001(a) of the Federal Rules of Evidence, and shall include all records and other tangible forms of expression in your actual or constructive possession, custody, or control, including, but not limited to, drafts, encryptions, final or finished versions, originals, copies or annotated copies, backup copies, backup logs, identical copies from different files, however and by whomever created, compiled, produced, sent, received, dated, used, maintained or stored (manually, mechanically, electronically, or otherwise), and including, but not limited to, books, papers, writings, recordings, illustrations, charts, lists, numerical data, encryption keys, decryption keys, graphs, graphics, pictures, symbolic representations, files, notes, transcriptions, offers, solicitations, audio and video recordings, email, email headers, word processor documents, hypertext (text containing HTML, SGML, XHTML, DHTML, XML, or any other text formatting, markup, and/or control tags), website data, database files, electronic newsletters, computer data, confirmations, reports, presentations, memoranda, opinions, information,

packages, journals, ledgers, worksheets, telegrams, telexes, faxes, wire messages, telephone bills,

messages, logs, notes or minutes of conversations or meetings, contracts, agreements, proposals,

advice, letters of intent, calendars, date books, diaries, schedules, agendas, time tables,

itineraries, travel logs, account statements, bank statements, financial analysis, financial and

marketing reviews, press releases, news stories, summaries, budgets, invoices, bills, records of

billings, wire transfers, drafts of money, records of payment, checks, tape recordings, or

information stored on hard disk, diskette, CD-ROM, DVD or other disc, microfilm, magnetic

tape, microfiche, any electronic media, any magnetic media, any laser media, or any other

storage device.

4.      "KPMG" shall refer to KPMG International and all of its successors, predecessors,

subsidiaries, related corporations, affiliates, network members, divisions, groups, committees,

principals, officers, directors, employees, agents, independent contractors, and persons acting on its

behalf.

5.      "Oil and gas company" shall refer to any corporation, association or other entity engaged

in "oil and gas producing activities" as defined in Rule 4-10(a)(1).

6.      "Person" shall mean any natural person, corporation, firm, partnership, association or

other business, governmental or legal entity, and includes anyone acting on behalf of any of the

foregoing.

7.      "Proved oil and gas reserves" shall include the terms "proved oil and gas reserves" and

"proved reserves" set forth in Rule 4-10(a)(2) and the Staff Outline, "proved developed oil and

gas reserves" and "proved developed reserves" set forth in Rule 4-10(a)(3) and the Staff Outline,

and "proved undeveloped oil and gas reserves" and "proved undeveloped reserves" set forth in

Rule 4-10(a)(4) and the Staff Outline.

8.    "PwC" shall refer to PricewaterhouseCoopers International Limited and all of its successors, predecessors, subsidiaries, related corporations, affiliates, network members, divisions, groups, committees, principals, officers, directors, employees, agents, independent contractors, and persons acting on its behalf.

9.    "Rule 4-10" shall refer to Rule 4-10, Regulation S-X, 17 C.F.R. § 210.4-10, "Financial accounting and reporting for oil and gas producing activities pursuant to the Federal securities laws and the Energy Policy and Conservation Act of 1975."

10.    "SEC" shall refer to the United States Securities and Exchange Commission and all of its Commissioners, divisions, groups, committees, officers, directors, employees, agents, staff, and persons acting on its behalf.

11.    "SFAS 69" shall refer to Statement of Financial Accounting Standards No. 69, "Disclosures about Oil and Gas Producing Activities."

12.    "Shell" shall refer to The Royal Dutch Petroleum Company NV and/or The "Shell" Transport and Trading Company, p.l.c. and all of their successors, predecessors, subsidiaries, related corporations, affiliates, divisions, groups, committees, principals, officers, directors, employees, agents, independent contractors, and persons acting on their behalf.

13.    "Staff Outline" shall refer to the following documents posted on the SEC website, www.sec.gov:  (a) "Division of Corporation Finance: Current Accounting and Disclosure Issues," dated June 30, 2000, (b) "Current Issues and Rulemaking Projects," dated November 14, 2000, and (c) "Division of Corporation Finance: Frequently Requested Accounting and Financial Reporting Interpretations and Guidance," dated March 31, 2001, and any subsequent amendments or versions of these documents.

**B.    Instructions**

1.    "And" and "or" shall be construed both conjunctively and disjunctively.

2.    "Including" shall mean including, but not limited to.

3.    The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other, as appropriate in the context.

4.    You are requested to produce all documents that are in your possession, custody or control, or in the possession, custody or control of your predecessors, successors, partners, directors, officers, employees, attorneys, accountants, staff, representatives or agents, or any person that is subject to your custody or control.

5.    All documents must be produced in their entirety, including all attachments and enclosures, and in their original folder, binder, or other cover or container, unless that is not possible.  Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document.

6.    Documents shall be produced in such fashion as to identify the SEC department, branch or office in whose possession the documents were located and, when applicable, the person in whose possession the documents were found and the business address of each document's custodian.

**C.    Documents to be Produced**

1.    All documents concerning the term "proved oil and gas reserves" set forth in Rule 4-10, subsections (a)(2)-(4), including the following:

a.  All documents concerning the drafting, editing, review, approval or application of the definition or interpretation of the term "proved oil and gas reserves" set forth in Rule 4-10(a)(2)-(4).

b.  All drafts of Rule 4-10(a)(2)-(4).

c.  All documents concerning any actual or contemplated amendment or modification of the definition or interpretation of the term "proved oil and gas reserves" set forth in Rule 4-10(a)(2)-(4) from December 27, 1978 to the present.

d.  All documents concerning any public commentary during the rulemaking process that led to the SEC's adoption of Rule 4-10(a)(2)-(4), including any documents concerning the definition or interpretation of the term "proved oil and gas reserves."

e.  All documents, including letters, correspondence, communications, memoranda, speeches, presentations, or articles of any kind authored by or sent from or to the SEC, concerning the definition or interpretation of the term "proved oil and gas reserves" set forth in Rule 4-10(a)(2)-(4) from December 27, 1978 to the present.

2.  All documents concerning the terms "reasonable certainty," "reasonable doubt," and "reasonably certain" set forth in Rule 4-10, subsections (a)(2)-(4), including the following:

a.  All documents concerning the drafting, editing, review, approval or application of the definition or interpretation of the term "reasonable certainty," "reasonable doubt" and "reasonably certain" set forth in Rule 4-10(a)(2)-(4).

b.  All documents concerning any actual or contemplated amendment or modification of the definition or interpretation of the term "reasonable certainty," "reasonable

5

doubt" and "reasonably certain" set forth in Rule 4-10(a)(2)-(4) from December 27, 1978 to the present.

c.  All documents concerning any public commentary during the rulemaking process that led to the SEC's adoption of Rule 4-10(a)(2)-(4), including any documents concerning the definition or interpretation of the term "reasonable certainty," "reasonable doubt" and "reasonably certain."

d.  All documents, including letters, correspondence, communications, memoranda, speeches, presentations or articles of any kind authored by or sent from or to the SEC, concerning the definition or interpretation of the term "reasonable certainty," "reasonable doubt" and "reasonably certain" set forth in Rule 4-10(a)(2)-(4) from December 27, 1978 to the present.

3.  All documents concerning the section entitled "Definition of Proved Reserves" set forth in the Staff Outline, including the following:

a.  All documents concerning the drafting, editing, review, approval, or application of the definition or interpretation of the term "proved oil and gas reserves" set forth in the Staff Outline.

b.  All drafts of the Staff Outline.

c.  All documents concerning any actual or contemplated change or modification of the Staff Outline's definition or interpretation of the term "proved oil and gas reserves."

d.  All documents, including, letters, correspondence, communications, memoranda, speeches, presentations or articles of any kind authored by or sent from or to the

SEC, concerning the Staff Outline's definition or interpretation of the term "proved oil and gas reserves."

4.    All documents concerning the section entitled "Definition of Proved Reserves" set forth in the Staff Outline, including the following:

    a.    All documents concerning the drafting, editing, review, approval, or application of the definition or interpretation of the terms "reasonable certainty," "reasonable doubt" and "reasonably certain" set forth in the Staff Outline.

    b.    All documents concerning any actual or contemplated change or modification of the Staff Outline's definition or interpretation of the terms "reasonable certainty," "reasonable doubt" and "reasonably certain."

    c.    All documents, including, letters, correspondence, communications, memoranda, speeches, presentations or articles of any kind authored by or sent from or to the SEC, concerning the Staff Outline's definition or interpretation of the terms "reasonable certainty," "reasonable doubt" and "reasonably certain."

5.    All documents concerning any communications with any oil and gas company concerning Rule 4-10(a)(2)-(4), including (a) the definition or interpretation of the terms "proved oil and gas reserves," "reasonable certainty," "reasonable doubt" and "reasonably certain" set forth in Rule 4-10(a)(2)-(4) and the Staff Outline; and (b) the disclosure of "proved oil and gas reserves" pursuant to SFAS 69 or Rule 4-10(a)(2)-(4).

6.    All documents concerning any communications with Shell and its external auditors, including KPMG and PwC, concerning Rule 4-10(a)(2)-(4), including (a) the definition or interpretation of the terms "proved oil and gas reserves," "reasonable certainty," "reasonable

doubt" and "reasonably certain" set forth in Rule 4-10(a)(2)-(4) and the Staff Outline; and (b) the disclosure of "proved oil and gas reserves" pursuant to SFAS 69 or Rule 4-10(a)(2)-(4).

7.    All documents concerning any communications with any analyst, researcher, commentator, professional association, or any other person employed in, associated with, or reporting on the oil and gas industry concerning Rule 4-10(a)(2)-(4), including (a) the definition or interpretation of the terms "proved oil and gas reserves," "reasonable certainty," "reasonable doubt" and "reasonably certain" set forth in Rule 4-10(a)(2)-(4) and the Staff Outline; and (b) the disclosure of "proved oil and gas reserves" pursuant to SFAS 69 or Rule 4-10(a)(2)-(4).

8.    All documents concerning any communications with members of any law firms, accounting firms, engineering firms, consulting firms, and external auditors, including KPMG and PwC, concerning Rule 4-10(a)(2)-(4), including (a) the definition or interpretation of the terms "proved oil and gas reserves," "reasonable certainty," "reasonable doubt" and "reasonably certain" set forth in Rule 4-10(a)(2)-(4) and the Staff Outline; and (b) the disclosure of "proved oil and gas reserves" pursuant to SFAS 69 or Rule 4-10(a)(2)-(4).

9.    All documents the SEC considered in drafting, editing, reviewing, approving, or applying the terms "proved oil and gas reserves," "reasonable certainty," "reasonable doubt" and "reasonably certain" set forth in Rule 4-10(a)(2)-(4) and the Staff Outline.