A

Case 1:06-mc-00248-CKK    Document 13-2    Filed 08/25/2006    Page 1 of 7

IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

RECEIVED
U.S. COURT OF APPEALS
FOR THE D.C. CIRCUIT
2006 AUG 21 PM 4:14
FILING DEPOSITORY

PHILIP WATTS, )
  )
  Petitioner )
  )
v. )  No. _____
  )
U.S. SECURITIES AND EXCHANGE )
COMMISSION, )
  )
  Respondent. )

## PETITION FOR REVIEW

Petitioner Sir Philip Watts ("Watts") hereby petitions for review of a final determination or order issued by the Securities and Exchange Commission ("SEC"), styled "Order Denying Petition For Review" ("Order"). A copy of the Order is attached hereto. The Order is dated August 1, 2006, and was served on August 2, 2006. It denies Watts' request that it "authorize testimony requested in [deposition] subpoenas issued to the Commission and to [three members of] Commission staff."

1.  This court has jurisdiction pursuant to 15 U.S.C. § 78y(a)(1) and 5 U.S.C. § 701, *et seq.*, in that this is a petition to review a final determination made by the SEC. Venue is proper pursuant to 15 U.S.C. § 78y(a)(1) and 5 U.S.C. § 701, *et seq.* This petition is timely under 15 U.S.C. § 78y(a)(1). The SEC is a proper respondent under Federal Rule of Appellate. Procedure 15(a) and 15 U.S.C. § 78y(a)(1).

2. Watts asks the Court: (a) to set aside the Order on the grounds that it is arbitrary and capricious, contrary to governing law, and represented an abuse of discretion, and (b) to order the SEC to authorize testimony by the SEC and the relevant employees.

Respectfully submitted,

*(signature)*

Andrew J. Morris (D.C. Bar No. 411865)
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, NW
Washington, D.C. 20006-1101
(202) 263-3000

*Counsel for Sir Philip B. Watts*

Of Counsel
Joseph I. Goldstein
Adriaen M. Morse, Jr.
Aimée D. Latimer
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, NW
Washington, D.C. 20006-1101
(202) 263-3000

August 21, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2006, I caused the foregoing Petitioner's Motion for Expedited Review and all accompanying papers, to be served to the following by hand-delivery:

>Richard Humes
>Brian G. Cartwright
>Kathleen Cody
>United States Securities and Exchange Commission
>100 F Street NE
>Washington, DC 20549-9612
>
>*Counsel for the SEC*

_____
Andrew J. Morris
MAYER BROWN ROWE & MAW LLP
1909 K Street, NW
Washington, D.C. 20006-1101

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

SECURITIES EXCHANGE ACT of 1934
Rel. No. 54259 / August 1, 2006

In the Matter of

ROYAL DUTCH/ SHELL TRANSPORT
SECURITIES LITIGATION, Civ. Action
No. 04-CV-374 (D.N.J.)

ORDER DENYING PETITION FOR REVIEW

Pursuant to Rule 431(b)(2) of the Rules of Practice,[1] it is ORDERED that the Petition for Review of Sir Philip B. Watts for review of the April 27, 2006 decision by delegated authority of the Office of the General Counsel ("Office") declining to authorize testimony requested in subpoenas issued to the Commission and to Commission staff (Roger Schwall, James Murphy, and Ron Winfrey) is hereby denied.

In February 2006, Watts served a subpoena on the Commission seeking testimony under the procedures described in Rule 30(b)(6) of the Federal Rules of Civil Procedure and also served subpoenas on Schwall, Murphy, and Winfrey, seeking testimony from each of them. On April 27, 2006, the Office notified Watts that it would not authorize testimony pursuant to any of those subpoenas. The Office first stated that the subpoena to the Commission was not valid because Rule 45 of the Federal Rules of Civil Procedure does not authorize subpoenas to federal government agencies. The Office also stated that all of the subpoenas sought information protected by the deliberative process privilege and that Watts had not shown that he could overcome that privilege. Finally, the Office stated that providing the testimony would be unduly burdensome because to the extent the subpoenas seek information about non-privileged communications, the staff had no recollection of the content of the communications beyond what was contained in documents the Commission had produced to Watts. In his Petition for Review, Watts contends that none of these reasons justifies a refusal to produce testimony pursuant to subpoenas.

---

[1] 17 CFR 201.431(b)(2).

In considering whether to accept or reject the Petition, Rule 411(b)(2) of the Rules of Practice[2] requires that the Commission determine whether:

(i) a prejudicial error was committed in the conduct of the proceeding; or

(ii) the decision embodies:

(A) a finding or conclusion of material fact that is clearly erroneous; or

(B) a conclusion of law that is erroneous; or

(C) an exercise of discretion or decision of law or policy that is important and that the Commission should review.

The Petition does not allege that any prejudicial error was committed in the conduct of the proceedings, and the Commission finds that no such prejudicial error occurred.

The Commission also finds that the Office's decision does not embody a finding of material fact that is clearly erroneous. The Office made the following findings of fact. The subpoenas seek testimony regarding the drafting, editing, review, approval, or application of Rule 4-10 of Regulation S-X, 17 C.F.R. 210.4-10 and of documents the petitioner refers to as the Staff Outline.[3] Also, the subpoenas seek testimony regarding contemplated changes or modifications to Rule 4-10 or the Staff Outline. Those categories of testimony would concern deliberations regarding what would and would not be included in the rule and other documents and deliberations leading to decisions regarding whether to make changes or modifications and, if so, what they should be. Watts did not establish that staff deliberations that have never been made public or communicated to third parties are relevant to the underlying litigation. Finally, to the extent Watts is seeking non-privileged information, primarily communications with third parties, the documents that the staff has agreed to produce reflect those communications, and the Petition does not provide any claim that the staff can provide the content of additional non-privileged communications. None of those findings of fact are clearly erroneous. Indeed, they are all fully supported by the record.

With respect to conclusions of law, after the Office declined to authorize the testimony, the United States Court of Appeals for the District of Columbia Circuit held that Rule 45 of the Federal Rules of Civil Procedure authorizes subpoenas to the government. *Yousuf v. Samantar*,

---

[2] 17 CFR 201.411(b)(2).

[3] Petitioner includes the following documents in the definition of "Staff Outline": (a) Division of Corporation Finance: Current Accounting and Disclosure Issues, dated June 30, 2000; (b) Current Issues and Rulemaking Projects, dated November 14, 2000; and (c) Division of Corporation Finance: Frequently Requested Accounting and Financial Reporting Interpretations and Guidance, dated March 31, 2001, and any subsequent amendments or versions of these documents.

No. 05-5197 (D.C. Cir. June 16, 2006). Nonetheless, the Commission finds that the Office's remaining conclusions of law were correct and that they are sufficient to support its conclusions. The Office made the following conclusions of law. The subpoenas seek deliberations protected by the deliberative process privilege. That privilege protects predecisional deliberations, *NLRB v. Sears Roebuck & Co.*, 421 U.S. 132 (1975), and because the categories of information Watts is seeking are necessarily deliberations leading to decisions, they come within the privilege.[4] Watts' reasons for seeking the deliberations are not sufficient to overcome the privilege because staff views are necessarily irrelevant to any action that Shell took, and preliminary staff views do not reveal any SEC position or practice. To the extent Watts is seeking information that is not privileged, allowing staff to appear for testimony would place an undue burden on the Commission because Watts can better get the non-privileged information from documents, including Rule 4-10, the Staff, Outline, and the documents produced to Watts by the Commission. None of those findings of fact are clearly erroneous. The Office properly found that the Commission's deliberative processes must be protected and that providing testimony can cause an undue burden on the Commission, and we fully support the Office's conclusions. Many litigants seek testimony from Commission staff, and if the Commission had to allow staff to appear in every case analogous to this one, the burden on the Commission's limited resources would be too great.

Finally, the Commission also finds that the Office's decision does not embody an exercise of discretion or a decision of law or policy that is important and that the Commission should review. Indeed, the Office has acted in furtherance of Commission policy by protecting predecisional deliberations and avoiding burdening staff with the obligation of providing testimony when staff likely have no non-privileged information that is not contained in documents that are public or that the Commission has agreed to produce.

Because Watts has not satisfied any of the factors in Rule 411(b)(2) of the Rules of Practice, his Petition for Review is denied.

By the Commission.

*Nancy M. Morris*
Nancy M. Morris
Secretary

---

[4] To the extent Commission releases or other documents released to the public by the Commission or its staff explain the drafting, editing, review, approval, or application of Rule 4-10 or the Staff Outline or any contemplated changes or modifications to Rule 4-10 or the Staff Outline, the information is not privileged. However, as the Office found, asking staff to provide testimony regarding information that is in publicly available documents is unnecessary and would place an undue burden on the Commission.