# EXHIBIT 8

04/21/2006 16:32 FAX 2027729373                                    ☒002/004



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

April 21, 2006

**VIA FACSIMILE AND FEDERAL EXPRESS**

Joseph I. Goldstein, Esq.
Mayer Brown Rowe & Maw, LLP
1909 K Street, N.W.
Washington, D.C. 20006
Facsimile No. (202) 263-5344

Re: In re Royal Dutch/Shell Transport Securities Litigation, 04-cv-374 (D.N.J.)

Dear Mr. Goldstein:

This letter concerns those sections of your April 6 letter that discuss the Commission's April 4, 2006 document production.

A. "Written" Communications

Your letter questions whether we interpreted "communications" to include documents reflecting non-written communications. We did search for documents reflecting non-written communications but did not find any such documents.

B. Time Limitations on Communications with Shell

You have asked us to explain why it is unduly burdensome to provide the communications between the SEC and Shell or its external auditors regarding oil and gas reserves identified in request 6 of your subpoenas from December 27, 1978 to December 31, 1995. The burden is undue because, to the extent such communications exist, they would be maintained in paper files at an off-site location. There is a separate annual file for each of those eighteen years that contains the filings Shell made pursuant to the Securities and Exchange Act of 1934 and related correspondence. In addition, every filing that Shell made pursuant to the Securities Act of 1933 and related correspondence during that eighteen-year time period is in a separate paper file. All of these files may contain both privileged and non-privileged material. Every file would have to be retrieved from its off-site location and then individually reviewed to determine whether it contained responsive, non-privileged material. While in some situations, the burden associated with such a search could be reasonable, it is proper to consider the relevance of documents to litigation in evaluating whether a burden is undue. *See, e.g., Builders*

Joseph I. Goldstein, Esq.
April 21, 2006
Page Two

*Ass'n of Greater Chicago v. City of Chicago,* 2001 WL 664453, at 8 (N.D. Ill.) (nonparty recipients of subpoena have standing to challenge relevance of information sought);*Compaq Computer Corp. v. Packard Bell Electronics, Inc.* 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) (holding that if documents sought from a nonparty were not relevant or calculated to lead to admissible evidence, then *any* burden on the nonparty is by definition undue). Nothing in your letters has shown that communications between the SEC and Shell or its external auditors that are more than ten years old would have any more than minimal relevance to your litigation. Comments by the staff do not set or establish the definitions of terms in Commission rules and regulations. *See* 17 C.F.R. 202.1(d) (staff statements "do not constitute an official expression of the [SEC's] views"). Similarly, staff statements are not statements of the SEC, which acts as a collegial body. *See, e.g., SEC v. National Student Mktg Corp.,* 68 F.R.D. 157, 160 (D.D.C. 1975); *Pennzoil Co. v. DOE,* 680 F.2d 156, 161-62 (Temp. Emer. Ct. App. 1982). Rule 4-10 and SFAS 69 say what they say – staff statements and opinions do not change their terms.

Despite these concerns, if you still seek these documents, we will agree to hire a contractor to locate and review the materials at your expense. As the materials may contain privileged information, the SEC would choose and hire the contractor. We would require a written agreement from you to pay all costs associated with hiring the contractor and conducting the review before we would proceed.

C.     Telephone Logs and Notes

The Division of Corporation Finance does not maintain telephone logs or notes of telephone conversations or meetings with third parties. Nonetheless, out of an abundance of caution, I have asked Messrs. Schwall, Murphy, and Winfrey to search for any such documents they may have from January 1, 1996 to the present that could be responsive to requests 5, 6, 7, and/or 8 of your subpoenas as narrowed by your March 1st letter and my March 20th response. If any are located, I will evaluate whether they are privileged. If they are, I will provide you with a privilege log. If they are not privileged and are responsive to your narrowed requests, I will provide copies of them to you.

D.     Communications Between The SEC Staff and the Twenty-Five Third Parties
       Identified on Pages four and five of your Letter Dated March 1, 2006

We will search for and provide responses to the comment letters we have already produced and to any other communications we have produced. We did search for responsive documents not uploaded to the SEC's electronic system and provided them to you.

E.     Documents in the Possession of SEC Employees

No additional responsive documents exist.

Joseph I. Goldstein, Esq.
April 21, 2006
Page Three

**F.     Letter Pertaining to the Gulf of Mexico**

This document is publicly available on the SEC's website. It was sent to every public company with oil and gas operations in the Gulf of Mexico. There are no responses from those companies to this letter.

**G.     The SEC's assertions of privilege**

The redacted language does not pertain to the topics in which you are interested and is, thus, non-responsive to your subpoenas. Consequently, a privilege log is not required.

In another letter to me, dated April 19, 2006, you inquire about a letter from H. Roger Schwall to Shell International Limited, dated July 10, 2003. I have confirmed that the reference in that letter to the SEC's "own set of proved reserves definitions" is a reference to Rule 4-10 of Regulation S-X.

Because you indicated in your April 6, 2006 letter that you will not be providing any additional information regarding your request for testimony from Messrs. Schwall, Murphy, the General Counsel (or his delagatee) will consider that issue and will provide you a separate response. That response will also address the Commission's position on providing testimony in response to your 30(b)(6) subpoenas.

Sincerely,

*Kathleen Cody*

Kathleen Cody, Esq.
SEC
100 F Street, N.E.
Washington, D.C. 20549-9612
Tel: (202) 551-5126