# EXHIBIT 17



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

February 22, 2006

<u>VIA FACSIMILE AND UNITED STATES MAIL</u>
Joseph I. Goldstein, Esq.
Mayer Brown Rowe & Maw, LLP
1909 K Street, N.W.
Washington, D.C. 20006
Facsimile No. (202) 263-5344

Re:   In re Royal Dutch/Shell Transport Securities Litigation, 04-cv-374 (D.N.J.)

Dear Mr. Goldstein:

I am writing regarding the five subpoenas your office served on February 8, 2006, seeking two Rule 30(b)(6) depositions and documents from the SEC, and depositions and document production from three employees in the SEC's Division of Corporation Finance (Roger Schwall, James Murphy, and Ronald Winfrey). I note that the subpoenas to the employees were not served in accordance with the Federal Rules of Civil Procedure. You issued these subpoenas in the above-captioned civil litigation to which the SEC is not a party.

Your subpoenas seek extensive discovery from the SEC and its staff regarding the creation, history, and application of an SEC rule (Rule 4-10 of Regulation S-X, 17 C.F.R. 210.4-10) since its creation almost thirty years ago. The subpoenas also seek information regarding the creation, history, and application of Statement of Financial Accounting Standards No. 69 ("SFAS 69") and of staff guidance regarding Rule 4-10 and SFAS 69 posted on the SEC website.[1]

I.   **Rule 30(b)(6) Subpoenas to the SEC**

You seek two Rule 30(b)(6) depositions and documents from the SEC. In one deposition, you ask the SEC to produce an SEC staff member with the most knowledge about the matters outlined above. In the second deposition, you seek testimony about how the SEC gathered the SEC documents responsive to your document subpoena.

---

[1] Your subpoenas identify the staff guidance as follows: (a) Division of Corporation Finance: Current Accounting and Disclosure Issues, dated June 30, 2000; (b) Current Issues and Rulemaking Projects, dated November 14, 2000; and (c) Division of Corporation Finance: Frequently Requested Accounting and Financial Reporting Interpretations and Guidance, dated March 31, 2001, and any subsequent amendments or versions of these documents.

Joseph I. Goldstein, Esq.
February 22, 2006
Page Two

Initially, the subpoenas to the SEC are not valid. You cannot subpoena a non-party federal government agency to give testimony or produce documents in a civil action because it is not a person as defined by Rule 45 of the Federal Rules of Civil Procedure. *See Yousuf v. Samantar*, 2005 WL 1523385 (D.D.C. May 3, 2005); *United States of America v. Gabelli*, 2005 WL 2375173 (D.D.C. May 3, 2005); *Lerner v. District of Columbia*, 2005 WL 2375175 (D.D.C. Jan. 7, 2005). In any event, even if you were able to subpoena the SEC, we would object to your two subpoenas. The document subpoena you served on the SEC effectively seeks every document that the SEC staff has prepared or received with regard to Rule 4-10 of Regulation S-X, 17 C.F.R. 210.4-10 ("Rule 4-10"), and SFAS 69 for almost thirty years. It also seeks information about every communication the SEC and its staff has had with any member of the public about Rule 4-10 and SFAS 69 in the last thirty years. On its face, your document subpoena to the SEC is overbroad, unreasonable, and places an undue burden on the SEC and its staff. It is so broadly drawn that it would require review of thousands of files just for us to quantify what would constitute the universe of responsive documents. Moreover, the subpoena seeks documents that would be protected by several privileges, specifically the law enforcement, deliberative process, and/or attorney client privileges, as well as the attorney work product doctrine. The types of documents that would be protected by these privileges include, among others: written and verbal communications between the staff and the Commission; written and verbal internal communications among the staff, including internal memoranda, e-mail, and correspondence among the staff; and notes and other work product generated by the staff. Your subpoena requesting testimony regarding how the SEC gathered documents responsive to it is unnecessary to the extent the SEC is not required to produce documents in response to it.

Your Rule 30(b)(6) subpoena requesting testimony about Rule 4-10, SFAS 69, and staff guidance is also improper as it seeks information that would be protected by several privileges, specifically the law enforcement, deliberative process, and/or attorney client privileges, as well as the attorney work product doctrine. In particular, the SEC rule, SFAS, and staff guidance speak for themselves and any effort to discover information regarding their creation, development, and application is precluded by the those privileges. The testimony you seek is also cumulative, overbroad, unreasonable, and burdensome.

II.   **Subpoenas to Messrs. Schwall, Murphy, and Winfrey**

The testimony you seek from these three SEC staff members cannot occur without authorization from the SEC's General Counsel. Under SEC regulations, SEC employees must receive authorization before they may testify as to matters learned during their SEC employment. *See* 17 C.F.R. 200.735-3(b)(7)(ii). The SEC has delegated to its General Counsel the responsibility for considering whether to authorize factual, non-privileged testimony by staff members. *See* 17 C.F.R. 200.30-14(f); *see also In re SEC ex rel. Glotzer and Slansky*, 374 F.3d 184 (2d Cir. 2004). Your request for testimony from Messrs. Schwall, Murphy, and Winfrey is problematic because it appears to seek privileged, non-factual information. Based upon the information provided in your subpoenas, we are not inclined at this time to recommend that

Joseph I. Goldstein, Esq.
February 22, 2006
Page Three

Messrs. Schwall, Murphy, or Winfrey be authorized to provide any testimony in this private civil action. However, if you would like to submit additional information regarding how the testimony you seek would be in the public interest, we will forward it to the General Counsel who will make a decision regarding your request for testimony.

To assist the General Counsel in making a decision regarding whether to authorize any testimony from Messrs. Schwall, Murphy, or Winfrey in your private civil action, we ask that you provide us with information to clarify the intended scope of each deposition, and the anticipated relevance of the desired testimony to the private shareholder litigation. Specifically, we ask that you set forth in writing the questions that you intend to cover in each of these depositions. After we receive and review the questions, we will inform you whether or not the General Counsel will authorize Messrs. Schwall, Murphy, or Winfrey to testify.

Your subpoenas to Messrs. Schwall, Murphy, and Winfrey also seek documents from them. Please be advised that those employees do not have any personal documents responsive to the subpoenas to them. In addition, they do not have authority to release any SEC documents. *See* 17 C.F.R. 200.735-3(b)(7)(i) and (ii).

Please provide us the requested information at your earliest convenience. If you have any questions, you may contact me at 202-551-5126.

Sincerely,

*Kathleen Cody*

Kathleen Cody, Esq.
SEC
100 F Street, N.E.
Washington, D.C. 20549-9612
Tel: (202) 551-5126