# EXHIBIT 18

|   |
|---|
| MAYER |
| BROWN |
| ROWE |
| & MAW |

March 1, 2006

<u>VIA FACSIMILE AND OVERNIGHT MAIL</u>

Kathleen Cody, Esq.
Office of the General Counsel
United States Securities and Exchange Commission
100 F Street NE
Washington, DC 20549-9612

Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel (202) 263-3000
Main Fax (202) 263-3300
www.mayerbrownrowe.com

Joseph I. Goldstein
Direct Tel (202) 263-3344
Direct Fax (202) 263-5344
jgoldstein@mayerbrownrowe.com

Re:   <u>In re Royal Dutch/Shell Transport Securities
      Litigation, Civil Action No. 04-cv-374 (D.N.J.)</u>

Dear Ms. Cody:

We received your letter dated February 22, 2006, regarding two subpoenas that were served on the SEC and three subpoenas that were served on individual employees in the SEC's Division of Corporate Finance – Roger Schwall, James Murphy and Ronald Winfrey.

Your letter takes the following positions: (1) the subpoenas served on Messrs. Schwall, Murphy, and Winfrey ("individual subpoenas") were not served properly; (2) the SEC is not required to respond to third party subpoenas directed to the SEC ("SEC subpoenas") because the SEC is not a "person" under Rule 45 of the Federal Rules; (3) the SEC objects to the subpoenas on the grounds that they are overbroad, impose an undue burden on the SEC, and seek privileged information; (4) the General Counsel is still deciding whether to authorize Messrs. Schwall, Murphy, and Winfrey to testify at depositions pursuant to the individual subpoenas; (5) Messrs. Schwall, Murphy, and Winfrey do not have "personal documents" responsive to the subpoenas; and (6) Messrs. Schwall, Murphy, and Winfrey are not authorized to produce SEC documents pursuant to 17 C.F.R. 200.30-14 and 17 C.F.R. 735-3(b)(7)(i) and (ii).

We disagree with your positions on these issues. Nonetheless, we are hopeful that the parties can negotiate the production of documents and testimony by the SEC and the individual witnesses. We have set forth below our proposal for reaching a mutual understanding on the issues presented in the SEC and individual subpoenas.

I.   Service of Subpoenas

Your letter states that the subpoenas directed to Messrs. Schwall, Murphy, and Winfrey "were not served in accordance with the Federal Rules of Civil Procedure." Your letter does not

Berlin Brussels Charlotte Chicago Cologne Frankfurt Houston London Los Angeles New York Palo Alto Paris Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete y Nader S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Mayer, Brown, Rowe & Maw LLP

Kathleen Cody
March 1, 2006
Page 2

specify the reasons why you believe service of these subpoenas was improper. We believe that the service of the individual subpoenas complied with Rule 45 of the Federal Rules. Specifically, Rule 45(b)(1) states:

> Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law. ... Prior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b).

Fed. R. Civ. P. 45(b)(1). Rule 5(b) provides that a person may be served by handing a copy to the person or "leaving it at the person's office with a clerk or other person in charge." Fed. R. Civ. P. 5(b).

In this case, a professional process server attempted to serve Messrs. Schwall, Murphy, and Winfrey with the subpoenas at their place of employment at the SEC. However, the security measures at the SEC's headquarters limit accessibility to the building and its employees. The process server was directed to the SEC's Office of General Counsel. Carnice Day, an Automated Clerk in the Office of General Counsel, accepted service of the subpoenas. Ms. Day represented to the process server that she was authorized to accept service. We have attached executed proofs of service of the subpoenas for your reference.

In addition, a check was included with each individual subpoena as required by the Federal Rules. Each check was made out to the individual being subpoenaed, in an amount consistent with "fees for one day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).

It is our position that the service of the individual SEC employees was proper under the Federal Rules. However, if you disagree, we are willing to work with you to accomplish service of the subpoenas a second time. For example, if Ms. Day was not authorized to accept service of the individual subpoenas, we request that you agree to accept service on behalf of Messrs. Schwall, Murphy, and Winfrey. If you are unwilling to accept service, we ask that you permit our process server to hand deliver the subpoenas to Messrs. Schwall, Murphy, and Winfrey at the SEC offices. We are willing to make such arrangements at their convenience. We recognize that these individuals might prefer to be served at their place of employment rather than at their homes, and agree to accommodate their service preference.

## II. Objections to Subpoenas Directed to the SEC

Ms. Day also accepted service of two subpoenas directed to the SEC. These subpoenas seek documents as well as deposition testimony pursuant to Rules 30(b)(6) and 45 of the Federal Rules. Your letter suggests that the SEC is refusing to comply with the subpoenas because it

Mayer, Brown, Rowe & Maw LLP

Kathleen Cody
March 1, 2006
Page 3

believes the SEC is not a "person" under Rule 45 of the Federal Rules, and subpoenas directed to the SEC are accordingly invalid.

The SEC – and the District of Columbia Circuit Court of Appeals – has acknowledged the SEC's obligation to respond to subpoenas issued pursuant to Rule 45. *See, e.g., Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336 (D.C. Cir. 1984) (addressing motion to compel and remanding case for determination of whether documents requested in Rule 45 subpoenas directed to SEC and CFTC were privileged from disclosure). *See also Linder v. Calero-Portocarrero*, 251 F.3d 178, 180 (D.C. Cir. 2001) (explaining that "sovereign immunity does not insulate the federal government from complying with a Rule 45 subpoena"); *Tuite v. Henry*, 98 F.3d 411 (D.C. Cir. 1996) (relying on *Friedman* in addressing motion to compel subpoena directed to Department of Justice).

We are aware of the pending appeal before the District of Columbia Circuit Court of Appeals, which last Monday heard oral argument on the issue of whether a government agency is a "person" that may be served with a subpoena under Rule 45. *Yousuf v. Samantar*, Civil Action No. 05-5197 (D.C. Cir.). We believe the Court will confirm the longstanding view that government agencies may be subpoenaed in accordance with Rule 45.

Moreover, the SEC's own regulations reflect the SEC's acknowledgement that such subpoenas are valid. The Commission delegated to your office the authority to "[a]pprove non-expert, non-privileged, factual testimony by present or former staff members, and the production of non-privileged documents, when validly subpoenaed; and assert governmental privileges on behalf of the Commission in litigation where the Commission appears as a party or in response to third party subpoenas." 17 C.F.R. 200.30-14.

Because the SEC's regulations contemplate compliance with third party subpoenas, please identify and designate appropriate witnesses for testimony and produce responsive documents, as requested in the SEC subpoenas.

We will work with you in resolving the SEC's remaining objections to the SEC subpoenas. First, your letter states that the subpoenas are overbroad and unreasonable. For example, you point out that the subpoenas seek information relating to Rule 4-10 over the last 30 years. We are willing to accommodate these concerns by narrowing the scope of the subpoenas and reducing the scope of documents and testimony we are seeking from the SEC. However, we reserve our rights to seek additional information requested in the subpoenas at a later time.

As an initial matter, we agree to limit our request for information to Document Request Nos. 5, 6, 7, and 8 and Deposition Topic Nos. 5, 6, 7, and 8 (collectively, "Categories 5, 6, 7 and 8"). These Categories seek information about communications between the SEC and third parties regarding the definition of "proved oil and gas reserves" and "reasonable certainty," as set forth

DCDB01 20790791.1 01-Mar-06 18:08

Mayer, Brown, Rowe & Maw LLP

Kathleen Cody
March 1, 2006
Page 4

in SEC Rule 4-10 and the SEC Staff Outline.[1]

The SEC's interpretation of its rules, and communications with third parties regarding these interpretations, are at the heart of the allegations in the underlying class action litigation. *See, e.g.*, Second Consolidated Amended Class Action Complaint ("Complaint") ¶¶ 126, 128, 129, 130, 136, 138, 148, 149, 179, 180, 193, 194, 195, 207, 212, 215-25, 227, 229, 232, 271, 272, 273, 277, 278, 291, 292. A primary issue in the litigation is whether defendant Royal Dutch Shell's ("Shell") supplemental information on proved oil and gas reserves ("proved reserves"), which Shell disclosed in annual SEC filings, complied with Rule 4-10's definition of proved reserves. Members of the SEC staff published the Staff Outline in June 2000 on the SEC's official web site. The Staff Outline purported to provide "guidance" in the application of Rule 4-10's definition of proved reserves. (Complaint ¶ 133.)

It is our position in the class action litigation that this Staff Outline impermissibly modified Rule 4-10 and did not comply with the requirements of the Administrative Procedures Act. In 1998, the SEC hired two petroleum engineers, Messrs. Murphy and Winfrey. Over the last eight years, Messrs. Murphy and Winfrey, as well as Mr. Schwall, communicated interpretations of Rule 4-10 by the SEC staff to members of the oil and gas industry. (*Id.*) We believe these communications impermissibly modified Rule 4-10 and caused Shell, as well as other oil and gas companies, to modify their internal guidelines that sought to apply Rule 4-10. It is our contention that this modification caused Shell to recategorize proved reserves in 2004, which in turn precipitated the underlying class action litigation.

We are seeking discovery from the SEC as part of our efforts to prove these contentions in the class action litigation. Accordingly, we request communications between the SEC and Shell and its external auditors, as reflected in Category 6 of the subpoenas. We agree to limit the scope of Categories 5, 7, and 8 by (1) limiting their range to communications that took place over the last 10 years, from January 1, 1996 to the present, rather than the last 30 years; and (2) limiting the requests to communications with the following third parties:[2]

- ExxonMobil Corp.
- BP plc
- Chevron Corp.
- ConocoPhillips
- Society of Petroleum Engineers
- Society of Petroleum Evaluation Engineers
- World Petroleum Reserves
- Ryder Scott Petroleum Consultants

---

[1] The terms "Rule 4-10" and "Staff Outline" are defined in the attachments to the subpoenas.
[2] This includes communications with these entities' successors, predecessors, subsidiaries, related corporations, affiliates, network members, divisions, groups, committees, principals, officers, directors, employees, agents, independent contractors, and persons acting on their behalf.

Mayer, Brown, Rowe & Maw LLP

Kathleen Cody
March 1, 2006
Page 5

- Total SA
- El Paso Corp.
- Petróleo Brasileiro S/A (Petrobras)
- Unocal Corp.
- Repsol YPF, S.A.
- Statoil ASA
- Norsk Hydro ASA
- Eni SpA
- Lukoil Oil Co.

- Gaffney, Cline and Associates
- The Strickland Group
- DeGolyer and MacNaughton
- American Petroleum Institute
- Cambridge Energy Research Associates
- Deloitte & Touche LLP
- Ernst & Young LLP
- Arthur Anderson LLP

Again, we reserve the right to seek at a later date documents and testimony relating to communications with other third parties, as set forth in Categories 5, 7, and 8.

Second, your letter states that the subpoenas at issue seek privileged information. You identify communications between the SEC staff and the Commission as examples of such privileged information. We do not believe that the information identified in Categories 5, 6, 7, and 8 of the subpoenas can be viewed as privileged.

To the extent you are withholding such documents as privileged, please produce a privilege log explaining the nature of the privilege pursuant to Federal Rule 45(d)(2). This log should include the date, author, and recipient of each document withheld, as well as a general statement of the nature of each document and the basis for the privilege on which the document was withheld. *See Avery Dennison Corp. v. Four Pillars*, 190 F.R.D. 1 (D.D.C. 1999) (explaining that a privilege log "has become, by now, the universally accepted means of asserting privileges in discovery in the federal courts," including in response to Rule 45 subpoenas, and the "[f]ailure to produce a privilege log may be deemed a waiver of the privilege") (citing, *inter alia, United States v. Exxon Corp.*, 87 F.R.D. 624, 637 (D.D.C. 1980)). The general description you provided is inadequate because it does not provide information "sufficient to enable the demanding party to contest" your claim of privilege. Fed. R. Civ. P. 45(d)(2).

We believe that our proposal addresses the SEC's concerns relating to privilege and burdensomeness. We have reduced significantly the scope of our requests in an effort to reach agreement with you. We are hopeful that our efforts will result in your willingness to cooperate

Mayer, Brown, Rowe & Maw LLP

Kathleen Cody
March 1, 2006
Page 6

with our efforts to obtain discoverable information pursuant to the applicable SEC regulations, the Federal Rules of Civil Procedure, and governing case law.

Please confirm whether you intend to produce any documents, or designate any witnesses, in response to the subpoenas directed to the SEC.

III.   Objections to Subpoenas Directed to Messrs. Schwall, Murphy, and Winfrey

Your letter states that the SEC's General Counsel "is not inclined at this time to recommend that Messrs. Schwall, Murphy, or Winfrey be authorized to provide any testimony in this private civil action." However, you suggested that we provide the General Counsel with additional information to assist his decision-making on this point. Your letter further states that these employees are not authorized to release any SEC documents, and none of these employees has any "personal documents responsive to the subpoenas to them."

We believe that the parties can reach agreement on the production of certain categories of documents and testimony. First, we appreciate your statement that the General Counsel will further evaluate his decision regarding the individual depositions upon receipt of additional information about the subject matter of their testimony. We are happy to provide you with these details. We are most interested in the following categories of testimony with respect to these individuals:

- Their knowledge of documents produced by the SEC in response to the SEC subpoenas, and their involvement in responding to or drafting these documents;

- Their knowledge of and involvement in the Staff Outline, as defined in Categories 3 and 4 of the individual subpoenas;

- Any presentations or other communications between Messrs. Schwall, Murphy, or Winfrey, and firms or other individuals in the oil and gas industry concerning the topics identified in Categories 5 through 8 of the individual subpoenas.

You requested that we set forth in writing the questions we intended to ask Messrs. Schwall, Murphy, and Winfrey in their depositions. This request is inappropriate because it impermissibly seeks documents that are protected from disclosure by the work product doctrine. Nonetheless, we are willing to provide you with more detailed information regarding the categories of questions we would ask in the individual depositions. However, at present it is impossible for us to provide such information because we have not had an opportunity to review the SEC's documents. Once the SEC produces the documents requested in the subpoenas (as clarified in this letter), and after we have reviewed these documents, we are willing to identify for you the categories of information, and categories of documents, we would like to address during the individual depositions.

Mayer, Brown, Rowe & Maw LLP

Kathleen Cody
March 1, 2006
Page 7

Second, your letter cites to 17 .C.F.R. 200.735-3(b)(7)(i) and (ii) in stating that these individuals "do not have authority to release any SEC documents." It is unclear from your letter whether you are taking the position that (1) other individuals at the SEC would be given the authority to release the requested documents; or (2) the General Counsel has exercised his authority under 17 C.F.R. 200.30-14 and has decided not to "[a]pprove ... the production of non-privileged documents, when validly subpoenaed." If you are saying that another individual at the SEC has custody of the requested documents, we would appreciate it if you would identify this custodian. Alternatively, if you are saying that the General Counsel has exercised his regulatory authority in refusing to approve the production of these documents, we request that the General Counsel further evaluate his decision in light of the clarifying information provided in this letter.

Thank you for your time and attention to this matter. Please provide us with your response to this letter by Wednesday, March 8, 2006. Please feel free to telephone me, Andy Morris (202-263-3252), Adriaen Morse (202-263-3387), or Aimée Latimer (202-263-3453), if you would like to discuss these issues in greater detail.

Sincerely,

Joseph I. Goldstein

Enclosures

cc:   Andrew J. Morris
      Adriaen M. Morse
      Aimée D. Latimer

DCDB01 20790791.1 01-Mar-06 18:08

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

In re Royal Dutch/Shell Transport Securities Litigation

V.

SUBPOENA IN A CIVIL CASE

Case Number:[1] 04-374 (JAP)
United States District Court for the District of New Jersey

TO: United States Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Mayer Brown Rowe & Maw<br>1909 K Street NW Washington, DC 20006 | DATE AND TIME<br>04/03/2006 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).  These matters are identified in Attachment A.

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendant Sir Philip Watts  [signature] | DATE<br>Feb 7, 2006 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Joesph I. Goldstein, Esq.     Mayer Brown Rowe & Maw LLP     (202)263-3344<br>1909 K Street, NW<br>Washington, DC 20006 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| DATE SERVED: | 2/08/06 @ 11:45 AM | PLACE | 100 F Street, NE Washington, DC 20549 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| Carnice Day, Automated Clerk of the Office of General Counsel | Authorized to Accept |

| SERVED BY (PRINT NAME) | TITLE |
| Daniel F. Portnoy | Private Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   2/08/06
                DATE

SIGNATURE OF SERVER

Capitol Process Services, Inc.
1827 18th Street, NW
Washington, DC 20009
ADDRESS OF SERVER   (202) 667-0050

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

In re Royal Dutch/Shell Transport Securities Litigation

V.

SUBPOENA IN A CIVIL CASE

Case Number:[1] 04-374 (JAP)
United States District Court for the District of New Jersey

TO: United States Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Mayer Brown Rowe & Maw<br>1909 K Street NW Washington, DC 20006 | DATE AND TIME<br>02/28/2006 10:00 am |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A

| PLACE  Mayer Brown Rowe & Maw<br>1909 K Street NW Washington, DC 20006 | DATE AND TIME<br>02/22/2006 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6). These matters are identified in Attachment B.

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendant Sir Philip Watts  [signature] | DATE<br>Feb 7, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joesph I. Goldstein, Esq.    Mayer Brown Rowe & Maw LLP    (202)263-3344
1909 K Street, NW
Washington, DC 20006

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE SERVED: | 2/08/06 @ 11:45 AM | PLACE | 100 F Street, NE Washington, DC 20549 |
|---|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Carnice Day, Automated Clerk of the Office of General Counsel | Authorized to Accept |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Daniel F. Portnoy | Private Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    2/08/06
                  DATE

SIGNATURE OF SERVER

Capitol Process Services, Inc.
1827 18th Street, NW
Washington, DC 20009
ADDRESS OF SERVER  (202) 667-0050

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

In re Royal Dutch/Shell Transport Securities Litigation

V.

SUBPOENA IN A CIVIL CASE

Case Number: [1] 04-374 (JAP)
United States District Court for the District of New Jersey

TO: Roger Schwall
United States Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Mayer Brown Rowe & Maw<br>1909 K Street NW Washington, DC 20006 | DATE AND TIME<br>04/05/2006 10:00 am |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A

| PLACE  Mayer Brown Rowe & Maw<br>1909 K Street NW Washington, DC 20006 | DATE AND TIME<br>02/22/2006 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendant Sir Philip Watts    *[signature]* | DATE<br>Feb 7, 2006 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Joesph I. Goldstein, Esq.    Mayer Brown Rowe & Maw LLP    (202)263-3344<br>1909 K Street, NW<br>Washington, DC 20006 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | |
|---|---|
| DATE 2/08/06 @ 11:45 AM<br>SERVED: | PLACE<br>100 F Street, NE<br>Washington, DC 20549 |
| SERVED ON (PRINT NAME)<br>Carnice Day, Automated Clerk of the Office of General Counsel | MANNER OF SERVICE<br>Authorized to Accept |
| SERVED BY (PRINT NAME)<br>Daniel F. Portnoy | TITLE<br>Private Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    2/08/06
                  DATE

SIGNATURE OF SERVER

Capitol Process Services, Inc.
1827 18th Street, NW
Washington, DC 20009
(202) 667-0050

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

In re Royal Dutch/Shell Transport Securities Litigation

v.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-374 (JAP)
United States District Court for the
District of New Jersey

TO: Ronald Winfrey
United States Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Mayer Brown Rowe & Maw<br>1909 K Street NW Washington, DC 20006 | DATE AND TIME<br>04/07/2006 10:00 am |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A

| PLACE Mayer Brown Rowe & Maw<br>1909 K Street NW Washington, DC 20006 | DATE AND TIME<br>02/22/2006 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendant Sir Philip Watts | DATE<br>Feb 7, 2006 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Joesph I. Goldstein, Esq.   Mayer Brown Rowe & Maw LLP   (202)263-3344<br>1909 K Street, NW<br>Washington, DC 20006 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE SERVED: | 2/08/06 @ 11:45 AM | PLACE | 100 F Street, NE Washington, DC 20549 |
|---|---|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Carnice Day, Automated Clerk of the Office of General Counsel | Authorized to Accept |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Daniel F. Portnoy | Private Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    2/08/06
                 DATE

SIGNATURE OF SERVER

Capitol Process Services, Inc.
1827 18th Street, NW
Washington, DC 20009
ADDRESS OF SERVER   (202) 667-0050

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials, or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

In re Royal Dutch/Shell Transport Securities Litigation

V.

SUBPOENA IN A CIVIL CASE

Case Number:[1] 04-374 (JAP)
United States District Court for the
District of New Jersey

TO: James Murphy
United States Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Mayer Brown Rowe & Maw<br>1909 K Street NW Washington, DC 20006 | DATE AND TIME<br>04/10/2006 10:00 am |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A

| PLACE Mayer Brown Rowe Maw<br>1909 K Street NW Washington, DC 20006 | DATE AND TIME<br>02/22/2006 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendant Sir Philip Watts | DATE<br>Feb 7, 2006 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Joesph I. Goldstein, Esq.   Mayer Brown Rowe & Maw LLP   (202)263-3344<br>1909 K Street, NW<br>Washington, DC 20006 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | |
|---|---|
| DATE  2/08/06 @ 11:45 AM<br>SERVED: | PLACE<br>100 F Street, NE<br>Washington, DC 20549 |
| SERVED ON (PRINT NAME)<br>Carnice Day, Automated Clerk of the Office of General Counsel | MANNER OF SERVICE<br>Authorized to Accept |
| SERVED BY (PRINT NAME)<br>Daniel F. Portnoy | TITLE<br>Private Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   2/08/06
               DATE

SIGNATURE OF SERVER
Capitol Process Services, Inc.
1827 18th Street, NW
Washington, DC 20009
ADDRESS OF SERVER   (202) 667-0050

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com