# EXHIBIT 19



Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel (202) 263-3000
Main Fax (202) 263-3300
www.mayerbrownrowe.com

Joseph I. Goldstein
Direct Tel (202) 263-3344
Direct Fax (202) 263-5344
jgoldstein@mayerbrownrowe.com

March 21, 2006

<u>VIA FACSIMILE AND OVERNIGHT MAIL</u>

Kathleen Cody, Esq.
Office of the General Counsel
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549

Re:     <u>In re Royal Dutch/Shell Transport Securities</u>
        <u>Litigation, Civil Action No. 04-cv-374 (D.N.J.)</u>

Dear Ms. Cody:

Thank you for your letter dated March 20, 2006. We appreciate the U.S. Securities and Exchange Commission's ("SEC") agreement to produce documents pursuant to our supboenas to the SEC served on February 8, as narrowed by our March 1st letter and with certain additional modifications, discussed below. The original subpoenas required production of documents by February 28. Please produce the agreed categories of documents by Monday, April 3, 2006.

We understand that you have determined to restrict production of documents reflecting communications between SEC Staff and Shell[1] and its external auditors to the same ten-year period to which we limited our request for communications with certain other third parties listed in our March 1st letter. We find it hard to understand your objection that it would be "unduly burdensome" to search SEC files for communications between the SEC and Shell and its external auditors regarding Rule 4-10 since December 27, 1978, the date Rule 4-10 was enacted. If the Divison of Corporation Finance ("CorpFin") does not maintain correspondence files organized by reference to the name of the public entity as to which CorpFin Staff reviews filings and issues comment, please describe the filing system that is employed and why it would be unduly burdensome to search for communications with Shell and its external auditors as described in Request No. 6 of our subpoena prior to January 1, 1996.

We further understand that you continue to assert various privileges with respect to subpoenaed testimony. Specifically, you have invoked the law enforcement, deliberative process, attorney client, and attorney work product privileges. It is unclear from the context of your letter whether you assert these privileges only to the Rule 30(b)(6) testimony requested of the SEC or also to the testimony of Messrs. Schwall, Murphy, and Winfrey (collectively, the "SEC Staff"). Moreover, we find it hard to understand how such privileges would attach to communications

---

[1] "Shell" and other terms used herein are as defined in our subpoenas.

Berlin Brussels Charlotte Chicago Cologne Frankfurt Houston London Los Angeles New York Palo Alto Paris Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete y Nader S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

Mayer, Brown, Rowe & Maw LLP

Kathleen Cody, Esq.
March 21, 2006
Page 2

between the SEC and third parties, as the document subpoena to the SEC is currently limited and as to which the 30(b)(6) witness and the SEC Staff (if different) would testify.

Your March 20th letter states that testimony from the SEC Staff regarding their knowledge of documents produced by the SEC in response to the subpoenas directed to it, including their involvement (if any) in responding to or drafting the produced documents, and their knowledge of and involvement in the Staff Outline is "information clearly protected by the deliberative process privilege." As you know, in asserting the deliberative process privilege, the SEC must establish that the information comprises pre-decisional opinions, recommendations and deliberations that are part of a process by which government decisions and policies are formulated. *See, e.g., NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975); *Safecard Services, Inc. v. SEC*, 926 F.2d 1197, 1203-04 (D.C. Cir. 1991).

The documents that we anticipate will be produced and as to which we will seek the testimony of the SEC Staff constitute the SEC Staff's explanations and interpretations of Rule 4-10 and its application to proved oil and gas reserves disclosures filed with the SEC. On their face, these documents frequently state that they are not official decisions, policies, or positions of the SEC. For example, certain SEC Staff comment letters to Shell contain the following language:

> Please provide written acknowledgement of the following:
>
> The adequacy and accuracy of the disclosure in the filing is the responsibility of the registrant. The registrant acknowledges that staff comment or changes in response to staff comment in the proposed disclosure in the Form 20-F do not foreclose the Commission from taking any action with respect to the filing. The registrant also represents that staff comment may not be asserted as a defense in any proceeding initiated by the Commission or any person under the federal securities laws of the United States.

Further, the Staff Outline expressly disclaims that it constitutes an official policy or position of the SEC:

> The Securities and Exchange Commission disclaims responsibility for any private publication or statement of any of its employees. This outline was prepared by members of the staff of the Division of Corporation Finance, and does not necessarily reflect the views of the Commission, the Commissioners, or other members of the staff.

Please let us know whether the SEC takes the position that SEC Staff cannot testify about comment letters, communications with registrants, or the Staff Outline posted on the SEC's website because these documents constitute official decisions or positions of the SEC. In addition, we do not understand that there is any basis for a claim that communications by the SEC Staff to third parties about the documents would constitute information subject to the deliberative process privilege.

Mayer, Brown, Rowe & Maw LLP

Kathleen Cody, Esq.
March 21, 2006
Page 3

Your March 20th letter also states that the testimony requested from the SEC Staff as to presentations or other communications between the SEC Staff and firms or individuals in the oil and gas industry regarding Rule 4-10 "can be addressed through the document production." This is incorrect. All three individuals have appeared and spoken at conferences and gatherings with firms and individuals in the oil and gas industry. During these meetings they have discussed their interpretations of Rule 4-10 and the import of the Staff Outline. Documents produced by the SEC will not suffice to cover what the SEC Staff have stated orally in various forums. Accordingly, we require their testimony and request that your office permit them to testify as to the identified topics.

We reserve our right to seek all of the documents and testimony as described in our original subpoenas to the SEC and Messrs. Schwall, Murphy, and Winfrey and nothing in this letter or our earlier correspondence should be construed as waiving or limiting our right to seeks such documents or testimony.

Sincerely,

Joseph I. Goldstein

cc:    Andrew J. Morris
       Adriaen M. Morse Jr.
       Aimée D. Latimer

DCDB01 20796385.4  21-Mar-06 17:24