# EXHIBIT 23

03/20/2006 15:27 FAX 2027729373                                                         @002/003



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

March 20, 2006

<u>VIA FACSIMILE AND UNITED STATES MAIL</u>

Joseph I. Goldstein, Esquire
Mayer Brown Rowe & Maw, LLP
1909 K Street, N.W.
Washington, D.C. 20006
Facsimile No. (202) 263-5344

     Re:    In re Royal Dutch/Shell Transport Securities Ligitigation, 04-cv-374 (D.N.J.)

Dear Mr. Goldstein:

       I write with regard to your March 1, 2006 letter to me concerning your subpoenas to the SEC and three employees in the SEC's Division of Corporation Finance (Roger Schwall, James Murphy, and Ronald Winfrey).

       In your March 1st letter, you agreed to limit the documents you seek at this time to just those contained in requests 5, 6, 7, and 8 of the subpoenas. You further narrowed those requests to seek only written communications on the topics identified therein between SEC staff and the twenty-five third parties you identify on pages four and five of your March 1st letter. In addition you limited the time period of requests 5, 7, and 8 to a ten-year period. However, you continue to seek written communications between SEC staff and Shell and its external auditors on the topics identified in request 6 for a thirty-year period. We continue to object to the subpoenas for the reasons set forth in my letter to you, dated February 22, 2006, and we believe that your narrowed request is still unduly burdensome. However, we are willing to search for and produce certain non-privileged documents as discussed below.

       With respect to requests 5, 7 and 8 (as limited by your March 1st letter), we will seek to provide written communications, including comment letters, other correspondence, and e-mails between SEC staff either in the Division of Corporation Finance or the SEC's Office of Chief Accountant and any of the twenty-five third parties.[1] However, as to the comment letters, we are limiting our search to our electronic system, and it is possible that some letters were not properly

---

   [1]   We believe it would place an undue burden on the SEC to search for communications with these entities' "successors, predecessors, subsidiaries, related corporations, affiliates, network members, divisions, groups, committees, principals, officers, directors, employees, agents, independent contractors, and persons acting on their behalf," as requested in footnote 2 of your March 1st letter. Accordingly, we are searching for communications with the twenty-five entities identified in your March 1st letter or with persons that are readily identified as the representatives of those entities.

Joseph I. Goldstein, Esq.
March 20, 2006
Page Two

uploaded onto that system.  With respect to request 6, we are limiting our search to a ten-year period as we believe it is unduly burdensome for the SEC to search for a thirty-year time period.

With regard to your request for testimony, we continue to believe that the testimony you seek is likely to be protected by several privileges, specifically the law enforcement, deliberative process, and/or attorney client privileges, as well as the attorney work product doctrine.  Your March 1st letter lists three categories of testimony you seek from Messrs. Schwall, Murphy, and Winfrey on page six.  Categories 1 and 2 seek information clearly protected by the deliberative process privilege.  And the testimony outlined in the third category can be addressed through the document production.  Nonetheless, we will await the additional information you have indicated you will provide before making a decision regarding authorization of the testimony.

Sincerely,

Kathleen Cody / mt

Kathleen Cody
Tel.: (202) 551-5126