# EXHIBIT 30



**MAYER BROWN ROWE & MAW**

August 11, 2006

Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel (202) 263-3000
Main Fax (202) 263-3300
www.mayerbrownrowe.com

## VIA FACSIMILE AND OVERNIGHT MAIL

Kathleen Cody, Esq.
Office of the General Counsel
United States Securities and Exchange Commission
100 F Street NE
Washington, DC 20549-9612

Aimée D. Latimer
Direct Tel (202) 263-3453
Direct Fax (202) 762-4212
alatimer@mayerbrownrowe.com

Re:   In re Royal Dutch/Shell Transport Securities
      Litigation, Civil Action No. 04-cv-374 (D.N.J.)

Dear Ms. Cody:

We have not received a response from you to our letters dated July 20 and August 1, 2006. The July 20 letter identified deficiencies relating to your production of documents responsive to a document subpoena, which was served on the SEC on February 8, 2006. The July 20 letter requested information regarding the method by which the Division of Corporation Finance ("CorpFin") documented its communications with registrants, auditors, advisors, consultants, and others during telephone conversations and meetings. We requested this information because, in a letter dated April 21, 2006, you stated that CorpFin did not maintain telephone logs or notes of meetings with third parties. We found it surprising that the SEC does not possess a single note of any meeting or telephone call with third parties, because we believed it was the SEC's practice, as well as just good government practice, to document such communications. It is also surprising that the SEC Staff would have not made notes, or would have discarded all of them, even if the SEC Staff were not required to maintain or preserve its notes.

Additionally, in the April 21 letter you made the vague objection that the scope of our document subpoena was burdensome to the extent it sought communications between the SEC and either Shell or its external auditors. We requested additional information about your documentation of such communications in an effort to understand the basis for your objection.

We have repeatedly requested information about the SEC's documentation of its communications with third parties, not only in the July 20 letter, but also in letters dated April 6, April 12, April 26, May 10, and June 2, 2006. We have not received a response from you with respect to this issue.

More recently, in our August 1 letter, we repeated our request for all of this information, and identified seven additional documents that are referenced in other SEC documents that were produced, but that the SEC has not produced, and which consist of communications between the SEC and third parties. These communications are responsive to the document subpoena. You have not responded to our request for these communications.

Berlin  Brussels  Charlotte  Chicago  Cologne  Frankfurt  Houston  London  Los Angeles  New York  Palo Alto  Paris  Washington, D.C.
Independent Mexico City Correspondent: Jauregui, Navarrete y Nader S.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

**MAYER, BROWN, ROWE & MAW LLP**

Kathleen Cody, Esq.
August 11, 2006
Page 2

You have not responded many of our other requests for information, including the following:

- Confirmation that the SEC does not possess any other responsive documents after January 4, 2005, reflecting communications with Total and Statoil ASA (see April 24, April 28, May 10, and June 2, 2006 correspondence);

- Confirmation of whether the SEC has searched for responsive form (boilerplate) language used by CorpFin in its communications with oil and gas company registrants regarding proved reserves issues (see April 26, May 10, and June 2, 2006 correspondence);

- Confirmation that the SEC has produced all responsive paper documents with respect to the twenty-five oil and gas industry participants identified in our March 1, 2006 letter, and a request for the status of the SEC's search for responsive documents in its nonpublic electronic filing system (see April 6, May 10, June 2, and July 20, 2006 correspondence); and

- Confirmation that the SEC has produced all responsive communications with the Society of Petroleum Engineers and/or the Society of Petroleum Evaluation Engineers (see June 28, 2006 correspondence).

On June 19, 2006, we received a letter from you stating that you would provide us with three boxes of documents. Your letter acknowledged that these documents "consisted primarily of responses to comment letters we have already provided to you." Neither your June 19 letter, nor the produced documents, resolved the unsettled issues identified in this letter.

We would like to meet and confer with you to discuss these outstanding document disputes. We are available next Friday, August 18, 2006. Please let us know your availability to meet and confer. If we do not hear from you by the end of the day Wednesday, August 16, we will presume that the SEC does not intend to produce any additional documents, and that the SEC is not interested in a meet and confer, and we will proceed with that understanding.

Should you have any questions or concerns about this or any other matter, please contact me or one of my colleagues.

Sincerely,

Aimée D. Latimer

cc: Joseph I. Goldstein
    Andrew J. Morris
    Adriaen M. Morse Jr.