# EXHIBIT 31

☑002/006



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

April 27, 2006

**VIA FACSIMILE AND FEDERAL EXPRESS**

Joseph I. Goldstein, Esq.
Mayer Brown Rowe & Maw, LLP
1909 K Street, N.W.
Washington, D.C. 20006
Facsimile No. (202) 263-5344

       Re: In re Royal Dutch/Shell Transport Securities Litigation, 04-cv-374 (D.N.J.)

Dear Mr. Goldstein:

     I have reviewed the correspondence between you and Kathleen Cody of my staff regarding your request to depose representatives of the Securities and Exchange Commission ("SEC" or "Commission") pursuant to Fed. R. Civ. P. 30(b)(6) and three employees from the SEC's Division of Corporation Finance (Roger Schwall, James Murphy, and Ronald Winfrey).[1] As indicated in Ms. Cody's April 21, 2006 letter to you, your request for testimony was referred to me for a decision on whether that testimony would be authorized in accordance with the SEC's regulations. For the reasons that follow, the Commission objects to those depositions, and we hereby notify you that this testimony is not authorized.

     Pursuant to SEC regulations, SEC staff must receive SEC authorization before they may testify as to matters learned during their Commission employment. The relevant regulation provides:

          Any member, employee or former member or employee who is served with such a subpoena not covered by the exceptions in paragraph (b)(7)(ii) of this section shall promptly advise the General Counsel of the service of such subpoena, the nature of the information or documents sought, and any circumstances which may bear upon the desirability in the public interest of making available such

---

   [1] That correspondence includes: letters from Ms. Cody to you dated February 22, 2006, March 3, 2006, March 20, 2006, April 3, 2006, and April 21, 2006; letters from you to Ms. Cody dated March 1, 2006, March 6, 2006, March 16, 2006, March 21, 2006, March 29, 2006, April 6, 2006, April 12, 2006, April 19, 2006, and April 24, 2006; two letters from you to Brian G. Cartwright dated April 21, 2006; and the five subpoenas you served on the SEC that are described above.

Joseph I. Goldstein, Esq.
April 27, 2006
Page Two

information or documents. The Commission or the General Counsel, pursuant to
delegated authority, shall authorize the disclosure of non-expert, non-privileged, factual
staff testimony and the production of non-privileged documents when validly
subpoenaed.

17 C.F.R. 200.735-3(b)(7)(iii). Thus, the General Counsel or his delagatee may authorize
testimony from the staff only if it is not privileged and validly subpoenaed. The testimony you
seek requires disclosure of privileged information. Moreover, testimony is not validly
subpoenaed unless all requirements of Rule 45 of the Federal Rules of Civil Procedure are
satisfied, including the requirement that the subpoena not cause an undue burden.

**Rule 30(b)(6) Subpoena Regarding Response to Document Request**

You have served a subpoena on the SEC seeking testimony about how the SEC gathered
the documents responsive to your document subpoena. As Ms. Cody advised you in her
February 22, 2006 letter, that subpoena is not valid because you cannot subpoena a non-party
federal government agency to give testimony or produce documents in a civil action because it is
not a person as defined by Rule 45 of the Federal Rules of Civil Procedure. *See Yousuf v.
Samantar*, 2005 WL 1523385 (D.D.C. May 3, 2005); *United States of America v. Gabelli*, 2005
WL 2375173 (D.D.C. May 3, 2005); *Lerner v. District of Columbia*, 2005 WL 2375175 (D.D.C.
Jan. 7, 2005). Moreover, such testimony is unnecessary and consequently unduly burdensome
because you have had extensive correspondence with Ms. Cody concerning your document
subpoena to the SEC, and Ms. Cody has provided detailed information about the steps the SEC
has taken and is continuing to take to respond to the subpoena. Moreover, we will continue to
respond to reasonable inquiries regarding the document production.

**Rule 30(b)(6) Subpoena Regarding Rule 4-10**

You have also served a subpoena seeking a deposition from a staff member designated by
the SEC regarding internal SEC deliberations relating to Rule 4-10 of Regulation S-X, 17 C.F.R.
210.4-10) (Topics 1-2); internal deliberations relating to documents you refer to as the Staff
Outline (Topics 3-4);[2] communications with third parties regarding Rule 4-10 (Topics 5-8); and
the subject matter of documents produced in response to another subpoena served in this matter
(Topic 9). This subpoena, like your other subpoena to the Commission, is not valid because the

---

[2] You have included the following documents in the definition of "Staff Outline": (a)
Division of Corporation Finance: Current Accounting and Disclosure Issues, dated June 30,
2000; (b) Current Issues and Rulemaking Projects, dated November 14, 2000; and (c) Division
of Corporation Finance: Frequently Requested Accounting and Financial Reporting
Interpretations and Guidance, dated March 31, 2001, and any subsequent amendments or
versions of these documents.

Joseph I. Goldstein, Esq.
April 27, 2006
Page Three

SEC is not a person subject to Rule 45.

In any event, the testimony you seek is both privileged and unduly burdensome. First, Topics one through four of your subpoena specifically seek information that is protected by the deliberative process privilege.[3] That privilege protects all agency deliberations that are predecisional. *NLRB v. Sears Roebuck & Co.*, 421 U.S. 132 (1975). The privilege applies to deliberations leading up to any decisions made by agency staff, not only to deliberations preceding decisions regarding rules and orders. *See, e.g., Mead Data Central v. United States*, 566 F.2d 242 (D.C. Cir. 1977) (decision regarding agency's position on specific contract negotiation). Testimony regarding the drafting, editing, review, approval, or application of Rule 4-10 and the Staff Outline are protected because those are deliberations that led to decisions regarding what would and would not be included in the rule and other documents. Similarly, testimony regarding contemplated changes or modifications to Rule 4-10 or the Staff Outline would concern deliberations leading to decisions regarding changes or modifications.

You have not provided any information that would suggest that you could overcome the privilege based on a showing of need. Your March 1, 2006 letter to Ms. Cody states that you are seeking discovery from the SEC staff to prove that the Staff Outline and communications between the SEC and third parties impermissibly modified Rule 4-10, causing Shell to recategorize proved reserves in 2004 and precipitating the underlying class action. That statement does no more than establish that the Staff Outline and communications of which Shell was aware may be relevant to your case because Shell may have relied on them.[4] However, staff deliberations that have never been made public or communicated to third parties are not relevant to that issue. Not only were they necessarily irrelevant to any action that Shell took, but preliminary staff views do not reveal any SEC position or practice; the deliberative process privilege protects those views because they do not determine any agency position. *See* 17 C.F.R.

_____

[3] The testimony you seek would also reveal information protected by the attorney-client and law enforcement privileges and by the work product doctrine to the extent it involves communications between the staff and the Commission and to the extent it relates to ongoing SEC investigations.

[4] Of course, even their relevance is limited. Staff opinions "do not constitute an official expression of the [SEC's] views." 17 C.F.R. 202.1(d). Similarly, statements of SEC staff are not statements of the SEC, which acts as a collegial body through its Chairman and Commissioners. *See, e.g., SEC v. National Student Mktg Corp.*, 68 F.R.D. 157, 160 (D.D.C. 1975); *Pennzoil Co. v. DOE*, 680 F.2d 156, 161-62 (Temp. Emer. Ct. App. 1982). SEC Rule 4-10 and SFAS 69 say what they say; staff statements and opinions do not change their terms.

Joseph I. Goldstein, Esq.
April 27, 2006
Page Four

202.1(d). [5]

Second, to the extent you are seeking communications between SEC staff and third parties that would not be privileged, you have already obtained all information the SEC has through your document subpoenas, and staff cannot provide any further information about the content of those communications beyond what is in the documents produced. To the extent you seek testimony about why the staff said certain things in those communications or what certain statements mean, that testimony, like the testimony you seek in Topics one through four would be protected by the deliberative process privilege.

Third, with respect to Topic 9, you either have or can receive all documents produced by the SEC in response to the subpoena issued by attorneys for Sir Philip Watts in your class action litigation, and testimony is not necessary to describe those documents.

**Subpoenas to Messrs. Schwall, Murphy, and Winfrey**

With respect to your subpoenas to Messrs. Schwall, Murphy, and Winfrey, they appear to be seeking essentially the same privileged information as you seek through your 30(b)(6) subpoena regarding Rule 4-10.[6] In your March 1, 2006 letter to Ms. Cody, you identified three potential areas of testimony for the three individuals, though you did not limit the proposed testimony to those topics. The topics are: (1) their knowledge of documents produced by the SEC in response to the SEC document subpoena, and their involvement in responding to or drafting these documents, (2) their knowledge of and involvement in the Staff Outline, as defined in categories 3 and 4 of their subpoenas, and (3) any presentations or other communications between them and firms or other individuals in the oil and gas industry concerning the topics identified in categories 5 through 8 or the subpoenas to Messrs. Schwall, Murphy, and Winfrey.[7]

---

[5] Indeed, even courts considering whether an agency action is proper will not look at the types of information you seek. Judicial review of agency action is confined to the existing administrative record. 5 U.S.C. 706 (providing that in reviewing agency action, "the court shall review the whole record or those parts of it cited by a party"); *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *USA Group Loan Servs., Inc. v. Riley*, 82 F.3d 708, 715 (7th Cir. 1996).

[6] I have not determined whether these subpoenas were validly issued (apart from the fact that they are unduly burdensome) because such a determination is not necessary here.

[7] These broad categories provide little guidance as to what you would actually ask, but you have declined our request that you put in writing your proposed questions for the witnesses.

Joseph I. Goldstein, Esq.
April 27, 2006
Page Five

        The first two categories appear to seek primarily information protected by the
deliberative process privilege. That is, they appear to seek predecisional deliberations regarding
communications with third parties and the Staff Outline. While the subpoenaed persons may
also have knowledge that is not privileged, that knowledge will not include anything that is not
evident from documents, including Rule 4-10, the Staff Outline, and the documents produced by
the SEC. The third category also seeks only information from the face of documents produced to
– or available to – you or privileged deliberations. As explained above, you have provided no
reason for us to believe that you could overcome the deliberative process privilege by showing a
sufficient need for the information you seek. Thus, I will not authorize Messrs. Schwall,
Murphy, and Winfrey to testify pursuant to the subpoenas you have served on them.

**Conclusion**

        Weighing these facts and given that you have not met the standard provided in 17 C.F.R.
200.735-3(b)(7)(iii), at this time Messrs. Schwall, Murphy, and Winfrey are not authorized to
provide deposition testimony in the above-captioned case. In addition, for the same reasons, I
will not authorize the testimony you seek in Rule 30(b)(6) depositions.

                                For the Commission
                                pursuant to delegated authority,


                                Richard M. Humes
                                Associate General Counsel